# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No. 2:25-cv-12432-AB-KES                    Date: February 12, 2026

Title:  Joseph Freeman v. The Regents of the University of California, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    Order DISMISSING Plaintiff's Complaint with Leave to Amend**

## I.    BACKGROUND

On December 12, 2025, Florida resident Joseph Freeman ("Plaintiff") filed a <u>pro se</u> civil rights complaint against: (1) The Regents of the University of California (the "Regents"); (2) Kari Calderon ("Calderon"), a "civilian employee" of the University of California, Los Angeles ("UCLA"); (3) Robert J. Ruiz-Perez ("Ruiz-Perez"), a "sworn peace officer" employed by the UCLA Police Department ("UCLA PD"); and (4) Andrew Foy ("Foy"), whose role is not identified (collectively, "Defendants"). ("Complaint" at Dkt. 1.)  Calderon, Ruiz-Perez, and Foy are sued in both their official and individual capacities.  (<u>Id.</u> at 1, 3.)

According to the Complaint, "[o]n or about July 10, 2025, Plaintiff was lawfully present on a public sidewalk in the City of Los Angeles, located at or near

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                           Date: February 12, 2026
                                                         Page 2

1001 Westwood Boulevard … engag[ing] in constitutionally protected activity, namely, peacefully recording Defendant Ruiz-Perez and other UCLA employees in the public performance of their official duties…. [without] physically interfering … [or] violating any law." (Id. at 3-4.)  The Complaint alleges that, while Plaintiff was acting as "a member of the press to document matters of public interest and provide public oversight of government officials, … Defendants Calderon and Ruiz-Perez approached Plaintiff and demanded that he stop recording their activities." (Id. at 4.)  Plaintiff does not state whether he stopped recording or what, if anything, he did in response to this demand.

The Complaint further alleges that, "[i]n retaliation for Plaintiff's lawful exercise of his First Amendment rights, Defendants Calderon and/or Ruiz-Perez publicly and intentionally disclosed Plaintiff's personal information (an act known as 'doxing') and directed pejorative and harassing names at him." (Id.)  Plaintiff does not explain how Defendants knew his personal information or how they doxed him—for instance, whether they provided information about him in a social media post, a police report, or in some other way.  He contends that these actions "were undertaken pursuant to a persistent and widespread pattern, policy, custom, or practice of Defendant Regents … of discouraging, suppressing, and retaliating against individuals who engage in the lawful recording of public officials." (Id.)

Plaintiff alleges that the aforementioned actions by Defendants violated the First Amendment, Fourteenth Amendment, and California's Bane Act. (Id. at 1, 6.)

In addition to his Complaint, Plaintiff filed a sealed Application to Proceed In Forma Pauperis ("IFP") to waive the filing fee. (Dkt. 12.)  On January 12, 2026, the Court denied Plaintiff's request to seal his IFP application. (Dkt. 7.) The Court granted Plaintiff's fee waiver on February 12, 2026, allowing him to proceed IFP. (Dkt. 8.)

## II.    LEGAL STANDARD

When a plaintiff proceeds IFP, 28 U.S.C. § 1915(a)(1) requires the court to dismiss the case at any time upon a determination that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                    Date: February 12, 2026
                                                 Page 3

Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint may fail to state a claim for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim, the court assumes that the facts alleged in the complaint are true and interprets those facts in the light most favorable to the plaintiff. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Furthermore, where the plaintiff is appearing pro se, the court must interpret the complaint liberally and give her the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

Although the scope of review generally is limited to the contents of the complaint, the court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including … details contrary to his claims").

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                    Date: February 12, 2026
                                                 Page 4

v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Where the plaintiff is
pro se, leave to amend should be granted, "even if no request to amend the pleading
was made, unless [the court] determines that the pleading could not possibly be
cured by the allegation of other facts."  Id. at 1130-31; see also Cato v. United
States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration,
it is clear that a complaint cannot be cured by amendment, the court may dismiss
the case without leave to amend.  Id. at 1105-06; see, e.g., Chaset v. Fleer/Skybox
Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong
the litigation by permitting further amendment" where the "basic flaw" in the
pleading cannot be cured by amendment).

## III.    DISCUSSION

### A.    <u>Plaintiff Has Not Alleged Sufficient Facts to Satisfy Rule 8.</u>

Federal Rule of Civil Procedure 8 requires a complaint to include: (1) "a
short and plain statement of the claim showing that the [plaintiff] is entitled to
relief"; and (2) "a demand for the relief sought, which may include relief in the
alternative or different types of relief."  Fed. R. Civ. P. 8(a)(2)-(3).  The reader
must be able to "determine from the complaint who is being sued, for what relief,
and on what theory, with enough detail to guide discovery."  McHenry v. Renne,
84 F.3d 1172, 1178 (9th Cir. 1996).

#### 1.    Plaintiff Has Not Alleged Any Claims Against Foy.

Plaintiff named Foy in the caption of his Complaint but has not made any
factual allegations against him or even listed him as a defendant in the body of the
pleading.  This fails to state a claim against Foy.

#### 2.    Plaintiff Has Not Alleged Any § 1983/Fourteenth
         Amendment Claims.

A plaintiff must plead facts to support each claim for relief.  See Alvarez v.
Hill, 518 F.3d 1152, 1157 (9th Cir. 2008).  Although the Complaint states that this
action contains at least one claim arising under the Fourteenth Amendment (Dkt. 1
at 1), Plaintiff has not alleged facts showing how his Fourteenth Amendment rights
were violated, and "[i]t is not the job of district courts to make sense of the pleading,
to supply facts to support the claim, or to imagine the claims that might fit the facts."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                                      Date: February 12, 2026
                                                                   Page 5

Gibson v. City of Portland, No. 24-1663, slip op. at 42 (9th Cir. Jan. 29, 2026).  It
is not even clear which clause(s) of the Fourteenth Amendment Plaintiff contends
that Defendants violated.

### 3.    Plaintiff Has Not Stated a § 1983/First Amendment Claim Alleging a Prior Restraint on Speech.

"A prior restraint on speech is an administrative or judicial order that forbids
certain communications issued before those communications occur." Greater L.A.
Agency on Deafness, Inc. v. Cable News Network, Inc., 742 F.3d 414, 430 (9th Cir.
2014).  "Temporary restraining orders and permanent injunctions—i.e., court orders
that actually forbid speech activities—are classic examples of prior restraints."
Alexander v. United States, 509 U.S. 544, 550 (1993).  Plaintiff alleges that the
demand to stop filming was a prior restraint.  (Dkt. 1 at 4.)  But a verbal command
to stop recording is not a prior restraint because there was no authority preventing
Plaintiff *in advance* from engaging in the alleged protected conduct.

### 4.    Plaintiff Has Not Stated a § 1983/First Amendment Claim Alleging Violations of His Freedom of Speech and Freedom as a Member of the Press.

In accordance with its obligation to liberally construe the allegations in an
unrepresented litigant's complaint, see Karim-Panahi, 839 F.2d at 623, the Court
interprets Plaintiff's complaint to allege First Amendment claims over his freedom
of speech and freedom of the press.  There is a well-established First Amendment
"right to photograph and record matters of public interest."  Askins v. U.S. Dep't
of Homeland Sec., 899 F.3d 1035, 1044 (9th Cir. 2018) (citing Animal Legal Def.
Fund v. Wasden, 878 F.3d 1184, 1203-04 (9th Cir. 2018)); Brown v. Roseville
City Sch. Dist., No. 2:23-cv-00256-DJC-CKD, 2024 WL 1931951, at *3, 2024
U.S. Dist. LEXIS 80505, at *6 (E.D. Cal. May 2, 2024) ("The First Amendment
protects the right to gather information about what public officials do on public
property, and specifically, a right to record matters of public interest.").

Although Plaintiff alleges that Calderon and Ruiz-Perez, public employees,
told him to stop recording their activities while in public (Dkt. 1 at 4), he has not
stated whether he followed that command and actually stopped recording (i.e., he
has not alleged *harm*).  He has also not stated that, if he stopped recording, it was
because of Calderon and Ruiz-Perez's actions (i.e., he has not alleged *causation*).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                                        Date: February 12, 2026
                                                                                                    Page 6

Causation and harm are crucial elements of a § 1983 claim, and facts showing the existence of those elements must be plead to satisfy Rule 8.

>  **5.    Plaintiff Has Not Stated a § 1983/First Amendment Claim for Retaliation.**

To state a retaliation claim under the First Amendment, the "plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016).

Plaintiff has alleged that he was engaged in a constitutionally protected activity, but he has not explained how the alleged retaliation occurred besides stating vaguely that he was doxed. (See Dkt. 1 at 4.) But it is unclear who exactly doxed Plaintiff, when it occurred, what method of doxing was used, and how he found out about it. It is also unclear how Calderon or Ruiz-Perez would have even known Plaintiff's name, let alone his address or other "personal information," as Plaintiff alleges. (Id. at 4.) To the extent the Complaint alleges that Plaintiff was retaliated against because Defendants called him "pejorative and harassing names," that does not satisfy the second prong of a First Amendment retaliation claim. Plaintiff must provide more facts to state a claim for retaliation.

>  **B.    Plaintiff Seeks Improper Relief.**

>  **1.    As an Arm of the State, the Regents Have Eleventh Amendment Immunity from § 1983 Claims for Money Damages.**

The Eleventh Amendment bars suits against a state in federal court unless the state has consented to the filing of the suit. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Alabama v. Pugh, 438 U.S. 781, 781 (1978); L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983) (clarifying that Eleventh Amendment immunity applies to claims brought under 42 U.S.C. § 1983). "This immunity extends not just to suits in which the state itself is a named party but also to those against an 'arm of the [s]tate.'" Kohn v. State Bar of Cal., 87 F.4th 1021, 1026 (9th Cir. 2023) (quoting Mt. Healthy City Sch. Dist. Bd. of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                                Date: February 12, 2026
                                                                          Page 7

Educ. v. Doyle, 429 U.S. 274, 280 (1977)).  In deciding whether a defendant is an
"arm of the state," the Ninth Circuit looks to the following factors: "(1) the [s]tate's
intent as to the status of the entity, including the functions performed by the entity;
(2) the [s]tate's control over the entity; and (3) the entity's overall effects on the
state treasury."  Id. at 1030 (adopting test from P.R. Ports Auth. v. Fed. Mar.
Comm'n, 531 F.3d 868, 873 (D.D.C. 2008)).

It is well settled that UCLA and thus the Regents are "immune from suit in
federal court by reason of the Eleventh Amendment" as an arm of the state.  Doe v.
Lawrence Livermore Nat'l Lab'y, 131 F.3d 836, 839 (9th Cir. 1997); see Agensys,
Inc. v. Regents of the Univ. of Cal., No. 2:24-cv-03961-JFW-PD, 2024 WL 5679166,
at *4, 2024 U.S. Dist. LEXIS 192975, at *11-12 (C.D. Cal. Oct. 22, 2024) (listing
cases).

"[P]ursuant to the Eleventh Amendment, a state and its official arm are
immune from suits for money damages under Section 1983."  Cox v. Spencer, No.
5:18-cv-02154-ODW-MAA, 2018 WL 10070539, at *3, 2018 U.S. Dist. LEXIS
231102, at *8 (C.D. Cal. Oct. 15, 2018) (citing Howlett v. Rose, 496 U.S. 356, 365
(1990)).  In the present action, Plaintiff seeks the following relief:

> (1) "general and special compensatory damages in an amount of not
> less than $500,000.00";
>
> (2) "punitive damages against Defendants Calderon and Ruiz-Perez in
> their individual capacities";
>
> (3) "a judicial declaration that the acts, policies, customs, and
> practices of Defendants complained of herein violated Plaintiff's
> rights";
>
> (4) "preliminary and permanent injunctive relief, enjoining
> Defendants[] … from engaging in the unlawful conduct described
> herein, including prohibiting them from retaliating against or
> interfering with Plaintiff or other members of the public who are
> lawfully recording public officials in public places";
>
> (5) "reasonable attorney's fees and costs," and
>
> (6) "such other and further relief as the Court may deem just and
> proper."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                          Date: February 12, 2026
                                                                      Page 8

(Dkt. 1 at 7.)  Plaintiff's claims against the Regents cannot be sustained to the extent he seeks money damages.

Additionally, the Eleventh Amendment bars official capacity claims against state officials for money damages.  Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Therefore, Calderon and Ruiz-Perez cannot be sued in their official capacity for monetary relief.

### 2.    The Form of Declaratory and Injunctive Relief Sought by Plaintiff Is Impermissible.

Under the Ex parte Young exception to Eleventh Amendment immunity, a state official may be sued in his or her official capacity under § 1983, but only for prospective declaratory and injunctive relief.  Rounds v. Or. State Bd. of Higher Educ., 166 F.3d 1302, 1036 (9th Cir. 1999).  This is "a narrow, but well-established exception to Eleventh Amendment immunity."  Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) (citing Ex parte Young, 209 U.S. 123 (1908)).  "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  Verizon Md. Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002) (citation modified).

Although declaratory relief and injunctive relief are generally permitted under the Ex parte Young exception, Plaintiff has not properly alleged them here.

"Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986) (citation modified).  However, "a declaratory judgment … [that] would vindicate [Plaintiff's] rights and make him the prevailing party in the action … is not an appropriate exercise of federal jurisdiction."  Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 868 (9th Cir. 2017).  Plaintiff's prayer for "a judicial declaration that the acts, policies, customs, and practices of the Defendants complained of herein violated Plaintiff's rights" is no more than a request for the Court to declare that he prevails.  (See Dkt. 1 at 7.)  As such, it does not fall within the Ex parte Young exception.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-12432-AB-KES                          Date: February 12, 2026
                                                              Page 9

        "The purpose of a preliminary injunction is to allow a plaintiff to come to
court to stop imminent, irreparable harm before such harm occurs." Morrow v.
U.S. Parole Comm'n, No. 2:12-cv-00700-DSF-RZ, 2012 WL 2877602, at *1, 2012
U.S. Dist. LEXIS 100770, at *2 (C.D. Cal. Mar. 19, 2012); see also Univ. of Tex.
v. Camenisch, 451, U.S. 390, 395 (1981) (explaining that the "limited purpose" of
a preliminary injunction is "merely to preserve the relative positions of the parties"
until trial). The Court may only grant a permanent injunction after a trial or other
final hearing on the merits. MAI Sys. Corp. v. Peak Comput., Inc., 991 F.2d 551,
520 (9th Cir. 1993). However, courts generally do not issue injunctive relief that
simply functions as an order to follow the law. See, e.g., Coastal Env't Rts. Found.
v. Aztec Perlite Co., 3:24-cv-00385-RSH-SBC, 2024 WL 4520350, at *16, U.S.
Dist. LEXIS 189385, at *39-40 (S.D. Cal. Oct. 16, 2024) (reasoning that "obey-
the-law" injunctions are not sufficiently clear in proscribing specific actions).
Plaintiff's prayer for injunctive relief "enjoining Defendants[] … from engaging in
the unlawful conduct" seeks to do exactly that, and it is therefore an improper
request. (See Dkt. 1 at 7.) This kind of request for injunctive relief does not fall
within the Ex parte Young exception.

## IV.  CONCLUSION

        IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is **dismissed**
without prejudice and with leave to amend. On or before **March 16, 2026**,
Plaintiff shall respond to this order by filing ***one*** of the following:

    1.  File a First Amended Complaint that attempts to fix the problems
        discussed in this order. If Plaintiff chooses to file a First Amended
        Complaint, it should bear the docket number assigned to this case (2:25-
        cv-12432-AB-KES) and be labeled "First Amended Complaint." The
        First Amended Complaint will replace and supersede the original
        Complaint. It should therefore be complete in and of itself without
        referring to the original Complaint or any other documents (except for
        those that are attached to the First Amended Complaint as exhibits).

    2.  If Plaintiff disagrees with the analysis in this screening order and/or
        believes he cannot add any more factual allegations to his Complaint,
        then he may file a Notice of Intent Not to File an Amended Complaint.
        If Plaintiff chooses to file such a notice, then the Magistrate Judge may

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                                    Date: February 12, 2026
                                                                           Page 10

recommend that the District Judge dismiss the Complaint without further
leave to amend.

3. File a Notice of Voluntary Dismissal of this action to conclude the entire
   case.  The dismissal would be without prejudice.

**<u>If Plaintiff fails to timely respond to this order by exercising one of these
options, this action may be dismissed for lack of prosecution.</u>**[1]

A party proceeding <u>pro</u> <u>se</u> must keep the Court informed of the party's
current address.  Local Rule 41-6.  If the Court sends mail to Plaintiff that is
returned as undeliverable, and Plaintiff fails to file a notice of change of address
within 14 days after the date when the Court mailed undeliverable document, then
the Court may dismiss the action for failure to prosecute.  <u>Id.</u>

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for
filing federal civil rights complaints and Form CV-09 for voluntary dismissal.

Initials of Deputy Clerk <u>jd</u>

---

[1] "[A] dismissal with leave to amend is not an appealable decision." <u>WMX
Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997).  "[A] plaintiff, who has
been given leave to amend, may not file a notice of appeal simply because he does
not choose to file an amended complaint." <u>Id.</u>  "A final judgment must be obtained
before the case becomes appealable." <u>Id.</u> at 1137.  "[A] plaintiff may obtain an
appealable final judgment by 'fil[ing] in writing a notice of intent not to file an
amended complaint.'" <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064 (9th Cir.
2004) (quoting <u>WMX Techs.</u>, 104 F.3d at 1135).  If an action is dismissed for lack
of prosecution, this may limit what arguments the Ninth Circuit will consider on
appeal.  <u>Id.</u> at 1065 ("The difference between a dismissal under Rule 12(b)(6) and
one under Rule 41(b) is not merely formal. . . . We review a Rule 41(b) dismissal
only for abuse of discretion in applying the five factors . . . which pertain to the
propriety of the sanction, not to the merits of the underlying question (such as
whether a complaint states a claim). . . . Yet we review a Rule 12(b)(6) dismissal de
novo, reviewing directly the question whether the plaintiff has stated a claim upon
which relief could be granted.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                    Date: February 12, 2026
                                                                                       Page 11

## TIPS FOR WRITING BETTER COMPLAINTS

**Plead "Facts" Rather than Just "Conclusions or Labels."**

Your Complaint should include a label or conclusion that identifies your legal claim *and* the facts supporting it.  To make sure that you have both, you need to understand the difference between them. The following examples illustrate the difference:

| Pleading Conclusions or Labels | Pleading Facts |
|---|---|
| Officer Smith used excessive force. | Officer Smith punched me in the face while I was handcuffed. |
| Nurse Jones acted with deliberate indifference. | I saw Nurse Jones at the clinic.  I told her I was bleeding and she could see that I was bleeding, but she did nothing to help me until I passed out. |
| The Mayor violated my First Amendment rights. | When I posted a comment criticizing the Mayor's failure to enact police reforms, the Mayor deleted my comment and blocked me from posting future comments. |
| The officers conducted an unreasonable search. | The officers had a warrant to search for a stolen car, but they searched areas of my house where they knew they would not find a stolen car.  They searched all my kitchen cabinets and drawers. |
| Defendant injured me.  Defendant assaulted me. | Defendant kicked me in the shin, causing me to trip and break my wrist. |

Imagine that you hired a group of actors to reenact the wrongdoing that happened to you.  If you only gave them the information in left-hand column, then they could not act out the scene.  If you gave them the information in the right-hand column, then they would know how to act out the scene.  As a general rule, you should include enough facts in your Complaint that an actor reading it could act out what happened to you.

**Identify Who Did What.**

One way to identify who did what is to avoid using "passive" verbs.  Consider these two sentences, the first of which uses a passive verb:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                                        Date: February 12, 2026
                                                                                                        Page 12

I was hit by the ball.

My brother hit me with the ball.

The first sentence does not say who hit me.  The second sentence, however, reveals that my brother is the person who hit me.  Allegations in a complaint should be phrased like the second sentence.  If you do not know the name of the person who acted wrongfully, then you can refer to them as "Doe."  For example, you might refer to two unknown correctional officers as "CO Doe 1" and "CO Doe 2."

Another way to identify who did what is to use a particular Defendant's name rather than a group pronoun (like "they") or lumping all the Defendants together.  For example:

| Unclear Who Did What | Clear Who Did What |
| --- | --- |
| Defendants searched my cell and took my property. | CO Smith and CO Jones searched my cell. When I came back, everything was out of place and my radio was gone.  I believe one of them took it. |
| They refused my request for Kosher meals. | I submitted a request for Kosher meals and was interviewed by the chaplain.  I later received a written denial of my request signed by Sgt. Smith. |
| I was denied necessary medical equipment. | I told Dr. Jones that my feet hurt and requested that she authorize orthotic inserts for my shoes, but she refused to do so. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12432-AB-KES                                  Date: February 12, 2026
                                                                                   Page 13

| Free Legal Help for People without an Attorney | | |
|---|---|---|
| **<u>Los Angeles</u>** | **<u>Santa Ana</u>** | **<u>Riverside</u>** |
| ***Location:*** Edward Roybal R. Federal Building and Courthouse 255 East Temple Street Suite 170 (Terrace Level) Los Angeles, CA 90012 | ***Location:*** Ronald Reagan Federal Building and Courthouse 411 W. 4th Street Room 1055 (1st Floor) Santa Ana, CA 92701 | ***Location:*** George E. Brown Federal Building 3420 Twelfth Street Room 125 Riverside, CA 92501 |
| ***Hours by appointment only:*** Monday, Wednesday, and Friday 9:30 am - 12:00 pm and 2:00 pm - 4:00 pm | ***Hours:*** Tuesday 1-4 p.m. (virtual by phone or Zoom) Thursday 10 a.m.-12 p.m. and 1:30 - 3:30 p.m. (in person at the courthouse) | ***Hours:*** Tuesday and Thursday 10 a.m. - 2 p.m. |
| To make an appointment or for more information, contact Public Counsel at: (213) 385-2977, Ext. 270 | For more information, contact Public Law Center at: (714) 541-1010, Ext. 222 | For more information, contact Public Service Law Corporation at: (951) 682-7968 |
| **Visit the Court's website for further information: <u>http://prose.cacd.uscourts.gov/federal-pro-se-clinics</u>** | | |

FULL NAME

COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| PLAINTIFF, | _To be supplied by the Clerk_ |
| v. | **CIVIL RIGHTS COMPLAINT** |
| DEFENDANT(S). | **PURSUANT TO** *(Check one)* |
|  | ☐ 42 U.S.C. § 1983 |
|  | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes    ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                (Claim I)           (Claim II)          (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
           (full name of first defendant)

          _____
           (full address of first defendant)

          _____
           (defendant's position and title, if any)

      The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

      Explain how this defendant was acting under color of law:

      _____
      _____

2.   Defendant _____ resides or works at
           (full name of first defendant)

          _____
           (full address of first defendant)

          _____
           (defendant's position and title, if any)

      The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

      Explain how this defendant was acting under color of law:

      _____
      _____

3.   Defendant _____ resides or works at
           (full name of first defendant)

          _____
           (full address of first defendant)

          _____
           (defendant's position and title, if any)

      The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

      Explain how this defendant was acting under color of law:

      _____
      _____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____          _____
          *(Date)*                                 *(Signature of Plaintiff)*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is
dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is
dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim
brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).


_____          _____
        *Date*                            *Signature of Attorney/Party*


***NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***