FILED
CLERK, U.S. DISTRICT COURT
05/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jd DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**Joseph Freeman**
**9169 W State Street #1551**
**Boise,ID 83714**
**(323) 786-2508**
**Jflegalforward@gmail.com**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSEPH FREEMAN**,<br>Plaintiff,<br>vs.<br>**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; KARI CALDERON, IN HER INDIVIDUAL CAPACITY; ROBERT J. RUIZ-PEREZ, IN HIS INDIVIDUAL CAPACITY; ANDREW FOY, IN HIS INDIVIDUAL CAPACITY; DEFENDANTS.**,<br>Defendant | Case No.: **2:25-cv-12432-AB-KES**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is a civil rights action for monetary damages, declaratory, and injunctive relief arising from Defendants' violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and the laws of the State of California. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and California Civil Code § 52.1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.
3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.
4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims herein occurred in the County of Los Angeles, which is within the Central District of California.

## PARTIES

5. Plaintiff JOSEPH FREEMAN ("Plaintiff") is a citizen of the United States. At the time of the events described herein, Plaintiff was a resident of Miami, Florida, acting as a citizen journalist documenting matters of public interest.
6. Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("REGENTS") is a public legal entity organized under the Constitution of the State of California. The REGENTS are responsible for and have final policymaking authority over the policies, practices, and customs of the University of California, Los Angeles ("UCLA") and its police department, the UCLA Police Department ("UCPD").
7. Defendant KARI CALDERON ("CALDERON") is, and at all times relevant to this complaint was, a civilian employee of UCLA. At all times relevant, Defendant CALDERON was acting under color of state law. Plaintiff sues Defendant CALDERON in her individual capacity.
8. Defendant ROBERT J. RUIZ-PEREZ ("RUIZ-PEREZ") is, and at all times relevant to this complaint was, a sworn peace officer employed by the UCPD, holding the rank of Sergeant. At all times relevant, Defendant RUIZ-PEREZ was acting under color of state law. Plaintiff sues Defendant RUIZ-PEREZ in his individual capacity.
9. Defendant ANDREW FOY ("FOY") is, and at all times relevant to this complaint was, a sworn peace officer employed by the UCPD, holding the rank of Officer. At all times relevant, Defendant FOY was acting under color of state law. Plaintiff sues Defendant FOY in his individual capacity.

## FACTUAL ALLEGATIONS

10. On or about July 10, 2025, Plaintiff was lawfully present on a public sidewalk in the City of Los Angeles, located at or near CVS Pharmacy, 1001 Westwood Boulevard, Los Angeles, California.
11. At that time and place, Defendants RUIZ-PEREZ and FOY were preparing to initiate a traffic stop of a third-party vehicle. Plaintiff, acting as a journalist, began to engage in constitutionally protected activity, namely, peacefully recording the officers' public activities. Plaintiff used his mobile phone to livestream the impending traffic stop to an online audience.
12. The screen of Plaintiff's phone was visible to Defendants and displayed a typical livestreaming interface, including a live viewer count and a real-time feed of comments from the online audience scrolling on the side of the screen. Defendant RUIZ-PEREZ acknowledged the live broadcast and its purpose, looking at Plaintiff's camera and stating words to the effect of, "Make sure your audience gets this," thereby confirming he knew Plaintiff was broadcasting to the public in real time.
13. Plaintiff's activity was part of his work as a member of the press to document matters of public interest. Plaintiff was in a public space, was not physically interfering with any officer's duties, and was not violating any law.

14. Immediately after acknowledging the livestream and realizing Plaintiff intended to document the traffic stop, Defendants RUIZ-PEREZ and FOY took action for the specific purpose of preventing him from doing so. Their actions constituted an unlawful prior restraint on Plaintiff's First Amendment rights.

15. In direct retaliation for Plaintiff's decision to broadcast their public activities, and with the intent to stop him from recording the traffic stop, Defendants RUIZ-PEREZ and FOY publicly and intentionally disclosed Plaintiff's personal and identifying information—an act commonly known as "doxing."

16. Specifically, having obtained Plaintiff's personal information from a prior law enforcement encounter, Defendant RUIZ-PEREZ stepped closer to Plaintiff, looked directly into the camera lens, and in a loud, clear voice, announced Plaintiff's full name and complete date of birth. Defendant FOY immediately repeated the information, amplifying the doxing and ensuring it was captured by the livestream.

17. The protected activity—Plaintiff's filming of the impending traffic stop—was the substantial and motivating factor for Defendants' retaliatory conduct. The temporal proximity was immediate: upon realizing Plaintiff would document the traffic stop, Defendants used doxing as a tactic to intimidate, harass, and coerce Plaintiff into ceasing his recording. Their actions were a but-for cause of the violation of Plaintiff's rights; but for Plaintiff's protected activity of filming the traffic stop, Defendants would not have doxed him.

18. As a direct and proximate result of the doxing, Plaintiff suffered immediate and concrete harm. His livestream was flooded with harassing messages, and he later received threatening direct messages on social media. Fearing for his safety, Plaintiff immediately ended his livestream, and the traffic stop was not documented.

19. These actions constitute an adverse action that would chill a person of ordinary firmness from continuing to engage in protected First Amendment activity. The doxing exposed Plaintiff to potential harm from the public, causing him to fear for his safety and to hesitate before recording UCPD officers in the future.

20. Plaintiff is informed and believes, and thereon alleges, that the retaliatory actions of Defendants RUIZ-PEREZ and FOY were undertaken pursuant to a persistent and widespread pattern, policy, or custom of Defendant REGENTS and UCPD of discouraging, suppressing, and retaliating against journalists and members of the public who engage in the lawful recording of public officials. This pattern reflects a deliberate indifference to the constitutional rights of the public.

21. This unconstitutional custom includes, but is not limited to, UCPD's failure to properly train, supervise, and discipline its officers regarding the public's clearly established First Amendment right to record, and its maintenance of a policy or custom of tolerating and encouraging the suppression of such activity through retaliatory tactics like doxing and harassment.

## FIRST CAUSE OF ACTION

**(Violation of the First Amendment – Retaliation) (42 U.S.C. § 1983 – Against Defendants CALDERON, RUIZ-PEREZ, and FOY)**

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.
23. The First Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees the rights to freedom of speech and of the press. This includes the clearly established right to film government officials, including police officers, in the performance of their duties in a public place.
24. Defendants CALDERON, RUIZ-PEREZ, and FOY, while acting under color of state law, retaliated against Plaintiff for engaging in protected First Amendment activity. Plaintiff's act of filming a traffic stop was the substantial or motivating factor in their decision to take adverse action against him.
25. The retaliatory conduct—including, but not limited to, the intentional public disclosure of his personal information (doxing) and verbal harassment—was an adverse action intended to and did chill Plaintiff's exercise of his constitutional rights.
26. As a direct and proximate result of the wrongful conduct of Defendants CALDERON, RUIZ-PEREZ, and FOY, Plaintiff has suffered a violation of his constitutional rights, emotional distress, reputational damage, and other compensable damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(Municipal Liability for Unconstitutional Custom or Policy) (42 U.S.C. § 1983 – Monell Claim – Against Defendant REGENTS)**

27. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint.
28. Defendant REGENTS, as the policymaker for UCPD, is a "person" subject to liability under 42 U.S.C. § 1983.
29. The violation of Plaintiff's constitutional rights was caused by a long-standing, persistent, and widespread custom, policy, or practice of Defendant REGENTS of failing to train and supervise its officers and of tolerating and encouraging the suppression of First Amendment-protected activity.
30. Upon information and belief, Defendant REGENTS and UCPD have a custom or practice of retaliating against journalists and citizen-recorders who document police activities in public. This retaliatory conduct constitutes a pattern of similar constitutional violations by UCPD employees, demonstrating a need for more or different training. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011).
31. The REGENTS' failure to train, supervise, and discipline its officers regarding the public's clearly established First Amendment right to record public officials amounts to deliberate

indifference to the rights of persons with whom UCPD officers come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

32. The constitutional violations described herein were a direct and proximate result of this official policy, custom, or practice. Defendant REGENTS is therefore liable for the harm caused to Plaintiff.

## THIRD CAUSE OF ACTION

## (Violation of California Civil Code § 52.1 (Bane Act)) (Against All Defendants)

33. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint.
34. California Civil Code § 52.1, the Tom Bane Civil Rights Act, provides a cause of action against any person who interferes by threat, intimidation, or coercion, or attempts to do so, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States or California.
35. Defendants RUIZ-PEREZ and FOY's act of doxing Plaintiff constituted an act of intimidation and coercion designed to make him stop recording out of a reasonable fear for his safety and privacy. Defendant CALDERON's verbal harassment was a coercive attempt to interfere with Plaintiff's exercise of his rights.
36. These acts were not merely speech but were specific acts of intimidation intended to interfere with Plaintiff's clearly established rights under the First Amendment.
37. As a direct and proximate result of Defendants' conduct in violation of the Bane Act, Plaintiff is entitled to damages as provided by California Civil Code § 52.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and special compensatory damages against Defendants CALDERON, RUIZ-PEREZ, and FOY in their individual capacities in an amount to be determined at trial;
2. For punitive damages against Defendants CALDERON, RUIZ-PEREZ, and FOY in their individual capacities in an amount sufficient to punish their wrongful conduct and deter similar conduct in the future;
3. For a judicial declaration that Defendant REGENTS' custom, policy, and practice of tolerating and encouraging retaliation (including doxing) against individuals for exercising their First Amendment right to record police is unconstitutional;
4. For preliminary and permanent injunctive relief, enjoining Defendant REGENTS, its agents, employees, and successors from engaging in or permitting its employees to engage in doxing, harassment, or other

retaliatory tactics for the purpose of suppressing or chilling the lawful recording of public officials in public places;

5. For reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1; and

6. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 13, 2026

Respectfully submitted,



JOSEPH FREEMAN

Plaintiff, Pro Se